UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**NATIONAL RIGHT TO WORK**              )
**LEGAL DEFENSE AND**                   )
**EDUCATION FOUNDATION, INC.,**         )
                                        )
      **Plaintiff,**         )
                                        )
      v.                     )    Civil Action No. 09-2205 (RCL)
                                        )
**U.S. DEPARTMENT OF LABOR,**           )
                                        )
      **Defendant.**         )
_____ )

## MEMORANDUM OPINION

**I. INTRODUCTION**

This case concerns whether the Department of Labor followed its statutory responsibilities in responding to the Freedom of Information Act requests of the National Right to Work Legal Defense and Education Foundation, an anti-union group. Before the Court are the Department's Motion [9] for Summary Judgment and the Foundation's Cross-Motion [13] for Partial Summary Judgment. Upon consideration of the Motions, Oppositions, Replies, the entire record in this case, *in camera* review of certain records, and the applicable law, the Court will grant the Department's Motion for Summary Judgment and deny the Foundation's Cross-Motion for Partial Summary Judgment.

**II. BACKGROUND**

The Foundation, which describes itself as a "non-profit charitable organization dedicated to providing legal aid and education concerning the abuses of compulsory unionism," Compl. [1] 2, Nov. 20, 2009, filed this FOIA suit in November 2009. *Id.* at 1. It claimed that the Department failed to respond to its requests for disclosure of records concerning certain activities and communications of Secretary of Labor Hilda Solis, Deputy Solicitor of Labor Deborah

Greenfield, and various labor organizations, and that the Department also wrongfully withheld certain documents.[1]  *Id.* at 1, 9.  It seeks a declaration that the Department is in violation of FOIA, an injunction ordering the Department to produce the withheld records, and attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E).  *Id.* at 9.

The Foundation's FOIA request relates to its suspicion that ties between labor organizations and the Department's current leadership have improperly influenced the course of national labor policy.  *See* Pl.'s Cross-Mot. Summ. J. [13] 5.  Both Secretary Solis and Deputy Solicitor Greenfield worked for labor organizations before taking up their posts with the agency following the election of Barack Obama as President in late 2008.  Def.'s Answer [5] ¶¶13, 17.

In April 2009, the Foundation submitted its FOIA request to the Department's Office of Assistant Secretary for Administration and Management.  Def.'s SMF [9] ¶1.  That same month, the Department's FOIA Disclosure Officer—Richard French—learned about the Foundation's request and held a meeting to discuss which components of the agency might have responsive records.  *Id.* ¶ 2. Mr. French later notified individuals identified as potentially having responsive documents and provided guidance for searching for records.  *Id.* ¶3.  Staff members to Secretary Solis and Deputy Solicitor Greenfield undertook searches of their records.  *Id.* ¶¶4, 5.  The records of other employees and agency components were also searched.  Mr. French and another agency employee reviewed all the documents, redacting material that they believed fell into one or more of the FOIA exemptions.  *Id.* ¶11.

After the documents were reviewed, the Department released them to the Foundation in several batches,  *id.* ¶30–32, including about a hundred pages of handwritten notes that the Department provided along with its Motion for Summary Judgment in this case.  *Id.* ¶32.  The

---

[1] The Foundation also claimed that the Department failed to comply with FOIA's statutory time limits, Compl. [1] 9, but failed to address this issue in its Cross-Motion for Partial Summary Judgment and so that claim is deemed conceded.

Department also supplied a 105-page *Vaughn* Index listing 121 records that had been withheld in full or redacted. *Vaughn* Index [10-1], Apr. 30, 2010. The Index indicates, *inter alia*, the type of record (*e.g.*, notes, e-mails, drafts, or memoranda), a general description of its contents, and the Department's grounds for withholding or redacting it. *See id.* at 1. Various grounds were asserted, and most of the withheld or redacted documents were withheld or redacted based upon multiple grounds.

While the Foundation's Complaint in this Court[2] initially raised a broad challenge to the Department's handling of its records request, *see* Compl. [1] 9, during the course of the summary-judgment briefing that gives rise to this Opinion the Foundation has conceded a number of issues and the remaining ones involve only the Department's application of certain FOIA exemptions to certain withheld or redacted records. *See* Pl.'s Reply [21] 1–2.

## III. LEGAL STANDARD

Summary judgment should be granted when the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials" show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c). This standard requires more than the mere existence of *some* factual dispute between the parties; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "A fact is 'material' if a dispute over it might affect the outcome of a suit under the governing law." *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006). "An issue is 'genuine' if the evidence is such that a reasonable jury could

---

[2] This case was reassigned by consent from Judge John D. Bates to Judge Robert L. Wilkins in January 2011, and again reassigned by consent to this Court in October 2011.

3

return a verdict for the non-moving party." *Doe v. IRS*, 706 F. Supp. 2d 1, 5 (D.D.C. 2009) (citing *Anderson*, 477 U.S. at 248).

This Court reviews a motion for summary judgment arising from an agency's decision to withhold or disclose documents under FOIA *de novo*. *Mead Data Ctr., Inc. v. Dep't of Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977). The agency must demonstrate that it "conducted a search reasonably calculated to uncover all relevant documents" and that any withheld material falls within a statutory exemption. *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). The agency must prove that information was not withheld due to bad faith. *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). FOIA exemptions must be "narrowly construed," *FBI v. Abramson*, 456 U.S. 615, 630 (1982), and if records are improperly withheld, the Court may order their production. 5 U.S.C. § 552(a)(4)(B).

## IV. THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT

### A. Reasonableness and Adequacy of the Department's Search

Resolution of this case has been greatly simplified by the Foundation's welcome concessions regarding issues not truly in dispute. It has conceded that the Department has partially complied with its FOIA obligations by conducting a reasonable search for responsive records. Pl.'s Reply [21] 2. Furthermore, the Foundation has offered no evidence of bad faith on the part of the Department to rebut the agency's showing. *See Clay v. U.S. Dep't of Justice*, 680 F. Supp. 2d 239, 245 (D.D.C. 2010) (citing *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1383–84 (8th Cir. 1985)). Therefore, in the light of this concession as well as the affidavits and other evidence submitted by the Department describing its handling of the Foundation's FOIA request, the Court finds that the Department conducted in good faith a reasonable search for responsive records. *See Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

B.  Exemptions

The Foundation has also conceded that the Department's application of certain FOIA exemptions was proper.  Pl.'s Reply [21] 2.  Specifically, the Foundation has agreed that the Department appropriately applied Exemptions 1 (classified information), 7(E) (internal agency investigative/prosecutorial procedures), and one aspect of Exemption 5 (attorney–client communications).  Pl.'s Reply [21] 2.  This means that the Foundation has conceded that roughly one-third of the 121 *Vaughn* Index items[3] were properly withheld or redacted since each of these items was withheld or redacted on the basis of Exemptions 1, 7(E), or the attorney–client privilege of Exemption 5.

In addition to these express concessions, the Foundation has also conceded (by failing to argue otherwise) that certain documents were properly withheld because they are not "agency records."  Federal courts cannot force agencies to disclose documents unless they are "agency records" under FOIA.  *See* 5 U.S.C. § 552(a)(4)(B); *Bureau of Nat'l Affairs, Inc. v. U.S. Dep't of Justice*, 742 F.2d 1484, 1488 (D.C. Cir. 1984).  The Department's *Vaughn* Index lists various documents, mostly handwritten notes, as "personal" notes that were not used to conduct agency business and remained within their creator's control.  *See, e.g.*, *Vaughn* Index [10-1] 1.  The Foundation nowhere challenges the Department's contention in its Motion, Def.'s Mot. Summ. J. [9] 20–21, that such records fall outside the scope of FOIA.  When a party files an opposition addressing only certain arguments raised in a dispositive motion, a court may treat those arguments that the non-moving party failed to address as conceded.  *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) (discussing Local Civil Rule 7.1(b)).  Accordingly, the Court finds that the Foundation has conceded that *Vaughn* Index

---

[3] Namely, items 4, 8–11, 13, 15, 17, 29–34, 36, 38, 46–52, 64, 66–68, 71–73, 77, 78, 81, 102, 111, 115, 116, and 118.

items 1–5, 7–9, 11–13, 15, 17, 19, 94, 96–100, 103, 108, 109, and 114 were not "agency records" subject to disclosure under FOIA.

In sum, taking account of the Foundation's various concessions, only 68 items[4] on the Department's *Vaughn* Index (a bit more than half) remain potentially in dispute. The Court will now proceed to address the propriety of the Department's invocation of certain exemptions to the remaining, disputed records that were withheld or redacted.

1. **Exemption 5**

Many items on the Department's *Vaughn* Index were redacted or withheld on the basis of the deliberative process privilege. The Foundation argues that "[d]efendant made improper and overbroad use" of this privilege. Pl.'s Reply [21] 2. The purpose of the deliberative process privilege is to ensure that a decision maker will receive candid advice from his or her associates, advice that would likely be chilled if certain types of predecisional agency communications were subject to public disclosure under FOIA. *Fed. Open Mkt. Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 359–60 (1979). To meet the requirements of Exemption 5's deliberative process privilege, the agency must show that the withheld materials are both "predecisional" and "deliberative." *McKinley v. Bd. of Governors of Fed. Reserve Sys.*, 647 F.3d 331, 339 (D.C. Cir. 2011)

The Foundation agrees that all of the records redacted or withheld on the basis of the deliberative process privilege are "deliberative" in nature; however, it contends that the Department has failed to carry its burden to show that these records are also "predecisional." Pl.'s Cross-Mot. Summ. J. [13] 7–8. The timing of a record is important in the analysis; communications made after a decision has been made and designed to explain that decision are

---

[4] Namely, items 6, 10, 14, 16, 18, 20–28, 35, 37, 39–45, 53–63, 65, 69, 70, 74–76, 79, 80, 82–93, 95, 101, 104–107, 110, 112, 113, 117–121.

not privileged under Exemption 5. *NLRB v. Sears, Roebuck, & Co.*, 421 U.S. 132, 151–52 (1975). The D.C. Circuit has explained that records only qualify as predecisional and deliberative if "they reflect advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated, or the personal opinions of the writer *prior to the agency's adoption of a policy*." *Pub. Citizen, Inc. v. Office of Mgmt. & Budget*, 598 F.3d 865, 875 (D.C. Cir. 2010) (emphasis added).

The Foundation contends that a particular Department decision—its February 20, 2009 decision to delay the effective date of a regulation (the "LM-2/3 Regulation")—determines which disputed records are pre- and post-decisional in this case. Pl.'s Cross-Mot. Summ. J. [13] 8–9; *see also* Pl.'s Reply [21] 4. To the extent that redacted or withheld records are related to that particular decision but post-date it, the Foundation argues, such records may not be redacted or withheld pursuant to Exemption 5. *Id.* at 9. As examples of records that the Foundation believes were improperly redacted or withheld, it points to *Vaughn* Index items 1, 3–7, 10, 11, 14–16, 19, 31, and 32. *Id.* However, as discussed above, the Department presented grounds independent of Exemption 5's deliberative process privilege for redacting or withholding most of these documents (*i.e.*, items 1, 3–5, 7, 11, 15, 19, 31 and 32).

This Court's review of the *Vaughn* Index shows only seven records related to the LM-2/3 rulemaking that post-dated the February 20, 2009 decision to delay implementation of the LM-2/3 Regulation, but which the Department redacted or withheld on the grounds of the deliberative process privilege: items 6, 10, 14, 16, 18, 25, and 106.[5] The Court will now proceed to examine the Department's grounds for redacting or withholding these particular documents pursuant to the deliberative process privilege.

---

[5] Excluded from this list are items that the Foundation has conceded were properly withheld or redacted on other grounds, as discussed above.

The Department's refusal to disclose all or part of these records is supported by its *Vaughn* Index and supporting materials, at least as to a few of these records. As to item 14, *Vaughn* Index [10-1] 14, which comprises two pages of unattributed handwritten notes dated April 7, 2009, the Department's description of this document is sufficient to establish that it was appropriately withheld in full. The Department states that these notes recorded discussions of policy issues surrounding the LM-2/3 rulemaking at a time when the Department was drafting a final rule as a part of that rulemaking. As such, these notes reflect deliberations during the Department's process for arriving at and formulating a final policy, and are therefore exempt from disclosure. *See Public Citizen*, 598 F.3d at 875. The same is true regarding item 25, comprising 34 pages of meeting minutes relating to various rulemakings, including the LM-2/3 rulemaking. *Vaughn* Index [10-1] 25. The redacted portions reflected "deliberations between managers regarding possible courses of action," *id.*, and therefore were properly redacted by the Department pursuant to the deliberative process privilege. As to item 106, the redactions at issue concerned portions of an e-mail chain that discussed edits to a draft notice of proposed rulemaking, and as such are deliberative and predecisional materials exempt from disclosure under FOIA. *See Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 867 (D.C. Cir. 1980).

However, as to the remaining four items (*i.e.*, items 6, 10, 16, and 18), the Department has provided insufficient information in its summary-judgment submissions and *Vaughn* Index to support its determination that the redactions were authorized by Exemption 5. As to each of those documents, the Department's invocation of the deliberative process privilege is conclusory and so the Court is unable, absent *in camera* review, to undertake a responsible *de novo* evaluation of the propriety of the privilege's application in those instances. *See Ctr. for Auto Safety v. EPA*, 731 F.2d 16, 20 (D.C. Cir. 1984). Therefore, the Court ordered the Department to

submit them "forthwith" to the Court for *in camera* inspection. Order [24] 1, Nov. 30, 2011. Seven days later, and following the Court's clarification with the Department's counsel of his definition of "forthwith," the Department submitted items 6, 10, 16, and 18 to the Court. Def.'s Notice [25], Dec. 6, 2011.

Item 6 is twelve pages of handwritten notes created by an Office of Labor Management Standards employee, Andrew Davis. *See Vaughn* Index [10-1] 6. His notes (which are difficult to read) were made on several meeting agendas, dated from January 21, 2009 to March 30, 2009. The agendas and notes deal with various ongoing regulatory and litigation projects, and include few references to the LM-2/3 rulemaking. The Department made some redactions to both the content of the typed meeting agendas as well as Mr. Davis's notations. With the exception of five redactions made on the grounds of the attorney–client privilege, all of the redactions were made on the basis of the deliberative process privilege of Exemption 5. Few of those redactions relate to the LM-2/3 rulemaking. However, even those few redactions support the Department's invocation of Exemption 5, since the redacted passages reflect deliberations about policy and the personal opinions of Mr. Davis prior to the Department's implementation of that policy. *See Pub. Citizen*, 598 F.3d at 875.

As to item 10 on the Department's *Vaughn* Index, it also comprises the handwritten notes of an OLMS employee—Sharon Hanley—which were made directly on typed meeting agendas. As with item 6, most of the redactions to these notes and the text of the agendas were made on the basis of the deliberative process privilege. Of the material related to the LM-2/3 rulemaking that was redacted, it clearly reflects the Department's discussions of elements of its process of formulating and drafting a final Notice of Proposed Rulemaking, including discussions concerning a draft final rule. As such, this material is deliberative and predecisional, and was properly redacted pursuant to the deliberative process privilege of Exemption 5. *See id.*

9

Item 16 comprises a single page of unattributed handwritten notes from a March 30, 2009 meeting of employees of the OLMS. These notes were also made directly on a typed agenda for that meeting. None of the typed material was redacted by the Department, and the few terse fragments of handwritten notes related to the LM-2/3 rulemaking that were redacted appear to concern the Department's process for drafting parts of a yet-to-be-completed final rule. As such, these materials were properly redacted pursuant to Exemption 5's deliberative process privilege.

Likewise, as to item 18, the Court finds that the Department's invocation of the deliberative process privilege was proper. Item 18 comprises 19 pages of handwritten notes created by Stephen Willertz, also an employee of the OLMS. These notes were made directly on meeting agendas, with dates ranging from January 5, 2009 to May 4, 2009. Of the few redactions to passages related to the LM-2/3 rulemaking and made pursuant to the deliberative process privilege, they concern discussion of possible courses of action to take in the rulemaking process. Consequently these passages were properly redacted pursuant to FOIA's Exemption 5 because they were both deliberative and predecisional. *See id.*

In sum, as to those items on the Department's *Vaughn* Index that were related to the LM-2/3 rulemaking and withheld or redacted pursuant to the deliberative process privilege of Exemption 5, the Court finds that the undisputed material facts show that the Department's invocation of that exemption was proper and that it is entitled to judgment as a matter of law.

### 2. Exemption 6

The Foundation also argues that the Department "made overly-broad use of FOIA's privacy exemptions." Pl.'s Cross-Mot. Summ. J. [13] 10. FOIA's Exemption 6 states than an agency may withhold "personnel . . . and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy[.]" 5 U.S.C. § 552(b)(6). "All information which applies to a particular individual is covered by Exemption 6, regardless of the type of file

in which it is contained." *Wash. Post Co. v. U.S. Dep't of Health & Human Servs.*, 690 F.2d 252, 260 (D.C. Cir. 1982). Personal information protected by Exemption 6 includes, but is not limited to, a person's date of birth, marital status, or employment status. *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 875 (D.C. Cir. 1989).

Once a court concludes that the information is "information which applies to a particular individual," *Wash. Post Co.*, 690 F.2d at 260, it must decide whether disclosure would constitute an unwarranted invasion of privacy. *Id.* To make this determination, a court must balance the public interest in disclosure against the individuals' privacy interests in the information contained in the files. *Id.* The party seeking disclosure must articulate a significant public interest, and show as well that disclosure would advance that interest. *Milton v. U.S. Dep't of Justice*, 783 F. Supp. 2d 55, 58 (citing *Schwaner v. Dep't of Army*, 696 F. Supp. 2d 77, 82 (D.D.C. 2010) and *ACLU v. Dep't of Justice*, 698 F. Supp. 2d 163, 165 (D.D.C. 2010)). The Supreme Court has stated that "[t]he only relevant public interest in disclosure to be weighed in this balance is the extent to which disclosure would serve the core purposes of the FOIA, which is contributing significantly to public understanding of the operations or activities of the government." *U.S. Dep't of Defense v. Fed. Labor Relations Auth.*, 510 U.S. 487, 495 (1994) (citations and quotation marks omitted).

The Foundation disputes the Department's invocation of Exemption 6 as to two categories of records that were redacted: records of phone calls made from Secretary Solis's and Deputy Solicitor Greenfield's telephones and information about individuals who applied for jobs with the Department. Pl.'s Cross-Mot. Summ. J. [13] 10–12. The Court will discuss each of these categories of records in turn.

### a. Phone records

The Department invoked Exemption 6 as its ground for redacting items 20, 21, and 88–90 on the *Vaughn* Index. These items include Verizon invoices for the cell phones of both Ms. Solis and Ms. Greenfield, as well as lists of calls made to or from the landlines in their offices at the Department. The only information in these records that could be converted into identifying information (presumably by tracing) are phone numbers; the names of individuals or entities associated with those numbers are not contained in the records. The Department redacted from these records the phone numbers associated with Ms. Solis and Ms. Greenfield as well as the phone numbers of all other individuals and entities.

The Foundation argues that any privacy intrusion that might occur from disclosure of these phone numbers is "*de minimis*" and could be mitigated by *in camera* review of these records, and that the public interest in "learning of any undue influence on [the] government" outweighs any privacy interest. Pl.'s Cross-Mot. Summ. J. [13] 10. The Foundation asserts that "the public has a significant interest in knowing what influence, if any, the former associations of these two top [Department] officials might have had in the decision to delay and then rescind the [LM-2/3 Regulation]." Pl.'s Reply [21] 9.

Contrary to the Foundation's contentions, the Court finds that the Department has met its burden and properly redacted these telephone numbers. These numbers constitute information that applies to particular individuals, *see Wash. Post Co.*, 690 F.2d at 260, despite the fact that it is unknown from the records which individuals are associated with these numbers. Furthermore, there is generally "a stronger case to be made for the applicability of Exemption 6 to phone numbers . . . ." *People for the Amer. Way Found. v. Nat'l Park Serv.*, 503 F. Supp. 2d 284, 306–07 (D.D.C. 2007). Disclosure of these numbers could subject the individuals to "annoyance, embarrassment, and harassment in the conduct of their official and private lives." *See Marshall*

*v. FBI*, No. 10-871, 2011 WL 3497801, at *6 (D.D.C. Aug. 10, 2011). While the Foundation has asserted a legitimate public interest in ferreting out "undue influence" on the government by outside groups, it is not at all clear that disclosure of these phone numbers would actually advance this rarefied interest in this particular case. *See Milton*, 783 F. Supp. 2d at 58. In all likelihood, these calls include not only organizations and entities with whom Ms. Solis and Ms. Greenfield regularly deal in their professional capacities, but a host of other private persons. Public disclosure of all of these numbers would result in a concrete invasion of privacy that outweighs the asserted public interest in this case, making the invasion unwarranted. If the Foundation wanted to know if Secretary Solis and Deputy Solicitor Greenfield corresponded by phone with unions or other organizations with which they are allegedly associated, it could have limited its requests to specific telephone numbers associated with those entities. But it did not do so.

Nor would *in camera* review of these records do any work apart from needlessly taxing the Court's resources. Since only *numbers* are redacted, they would tell the Court nothing if provided in unredacted form.

In sum, the Court finds that the Department has met its burden and properly redacted, pursuant to Exemption 6, the phone numbers listed in items 20, 21, and 88–90 of the *Vaughn* Index.

### b. Job candidate personal information

The Department also redacted the names and personal contact information of candidates for jobs that Ms. Solis and Ms. Greenfield interviewed. *See Vaughn* Index [10-1] 22–23, 76–77. The Foundation claims that these redactions were improper because "the public has a right to know who is being recommended for hire and interviewing for jobs at the Department of Labor, in order to discover if Greenfield's and Solis' former associations with large and influential labor

organizations is influencing the choice of candidates for employment." Pl.'s Cross-Mot. Summ. J. [13] 12. However, apart from the unsurprising fact that both Ms. Solis and Ms. Greenfield worked for labor organizations in the past, the Foundation provides no facts suggesting improprieties in the Department's hiring process that would justify releasing the names and other information associated with these job candidates. This information clearly applies to particular individuals, *see Wash. Post Co.*, 690 F.2d at 260, and their privacy interests outweigh the speculative public interest asserted by the Foundation in this case.

In sum, the Department properly redacted this information pursuant to Exemption 6.

## V. CONCLUSION

For the reasons stated above, the Court will grant defendant's Motion for Summary Judgment and deny plaintiff's Cross-Motion for Partial Summary Judgment.

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on December 12, 2011.